UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                    Plaintiff,

        -against-

TOWN OF NORTH CASTLE, New York,

                    Defendant.

------------------------------------------------------x

**ORIGINAL**

07 Civ.   (      )

**COMPLAINT**

**Jury Trial Demanded**

## 07 CIV. 3811

Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP,

for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and
injunctive relief, proximately resulting from Defendant's regulatory ban on the placement
of newsracks on public property for the purpose of distributing free-of-charge the weekly
newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by
the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant TOWN OF NORTH CASTLE, New York (hereinafter "Town"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The Town has adopted and enforces the following code provisions, which provide in Chapter 175, Article 6 in pertinent respect:

"**§175-6 Obstructions prohibited**

No person or persons shall place or caused to be placed upon any sidewalk, public place or public way within the Town of North Castle any object or obstacles that might interfere with, obstruct, encumber or impede passage on or over such sidewalk, public place or public way. This prohibition includes but is not limited to the placing of merchandise, boxes, signs or displays upon sidewalks and public places or public ways.

**§175-7. Penalties for offenses.**

Any person committing an offense against any provision of this Article. . .shall be guilty of a violation, punishable by a fine not

2

exceeding two hundred fifty dollars ($250) or by imprisonment for

a term not exceeding fifteen (15) days, or by such fine and

imprisonment. The continuation of an offense against the provisions

of this chapter shall constitute, for each day the offense is continued,

a separate and distinct offense hereunder."

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Sections 175-6 and 175-7 completely ban the placement of newsracks on public property within the Village, that code provision violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Sections 175-6 and 175-7 on their face constitute an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Under the premises Sections 175-6 and 175-7 have chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Declaring Sections 175-6 and 175-7 of the Town Code violative of Plaintiff's First Amendment rights,

    b. Ordering the Town to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the Village,

    c. Permanently enjoining Defendant from enforcing as against Plaintiff Sections 175-6 and 175-7 of its code,

    d. Awarding such compensatory damages as the jury may determine,

    e. Awarding reasonable attorney's fees and costs, and,

    f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      May 14, 2007

LOVETT & GOULD, LLP
By: _____
      Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

4